IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEREMY A. COLLINS, )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 3:21-CV-007-HEH
 )
KIJAKAZI KILOLO, )
Acting Commissioner of )
Social Security, )
 )
        Defendant. )

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

THIS MATTER is before the Court on a Report and Recommendation ("R&R," ECF No. 29) from United States Magistrate Judge Mark R. Colombell filed on June 3, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 25 and 28), which Plaintiff and Defendant respectively filed on September 8, 2021, and October 8, 2021. Plaintiff has objected to the R&R, and Defendant has responded thereto. The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid this Court in its decisional process. *See* E.D. Va. Local Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F.

Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The immediate case involves Plaintiff's application for Social Security Disability Benefits and Supplemental Security Income under the Social Security Act (the "Act"). In Plaintiff's application, he alleged disability from degenerative disc disease of the cervical and lumbar spines, lumbar radiculopathy, sciatic nerve damage, and depression. (R. at 145, 229.) The Social Security Administration denied Plaintiff's claim, both initially and upon reconsideration. An Administrative Law Judge ("ALJ") then denied Plaintiff's application in a written decision, finding that Plaintiff did not qualify as disabled under the Act. The ALJ followed the five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. *See Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). During the five-step evaluation process, the ALJ asked "whether the claimant has been working; whether the claimant's medical impairments meet the regulations' severity and duration requirements; whether the medical impairments meet or equal an impairment listed in the regulations; whether the claimant can perform his past work given the limitations caused by his medical impairments" and finally "whether the claimant can perform other work." *Id.*; 20 C.F.R. § 404.1520(a)(4). Between steps three and four, the ALJ assessed Plaintiff's residual

functional capacity ("RFC"), which was used during the remaining steps of the evaluation process. *See* 20 C.F.R. § 404.1520(a)(4), (e); 20 C.F.R. § 404.1545(a). RFC accounts for the maximum activity the claimant can do despite their physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 416.975(a).

Based on the five-step process and a vocational expert's testimony, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. At step five, the ALJ determined that, while Plaintiff was unable to perform his past work, he could perform alternative jobs existing in significant numbers in the national economy. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then sought review of the ALJ's decision in this Court.

The Magistrate Judge considered Plaintiff's challenge against the ALJ's finding of "not disabled." This presented four issues for the Magistrate Judge to resolve: (1) whether the ALJ reasonably accounted for Plaintiff's limitations in concentration, persistence, and pace in her RFC analysis; (2) if the ALJ omitted material evidence from her pain analysis, and thus drew improper inferences from the record; (3) whether the ALJ erred in her RFC analysis because she did not address Plaintiff's need for a cane to balance; and (4) if the ALJ erred because she did not find that Plaintiff was disabled for at least the fixed period when he underwent back surgeries between May 12, 2015 and November 2016. The Magistrate Judge determined that the ALJ did not err, and that substantial evidence supported the ALJ's decision.

Accordingly, the Magistrate Judge recommended to this Court, pursuant to 42

3

U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment and Motion to Remand be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On June 17, 2022, Plaintiff filed an Objection to the Magistrate Judge's R&R. (Obj., ECF No. 30.) Plaintiff first claims that the R&R erred in finding no error in the ALJ's failure to consider Plaintiff's pain while sitting, his need for a cane to balance, and "several other material pieces of evidence in Collins' favor." (*Id.* at 1–8.) Plaintiff further asserts that the R&R erred by finding no error in the ALJ's conclusion that Plaintiff was not disabled, particularly during the closed period between his surgeries. (*Id.* at 9–16.) Accordingly, Plaintiff asks this Court to reject the Magistrate Judge's R&R, grant Plaintiff's Motion for Summary Judgment (ECF No. 25), and "either order the Commissioner to award the claim or remand the case for further evaluation." (Obj. at 16.) In his Response, Defendant argues that substantial evidence supports the ALJ's analyses and determinations on these issues. (Def.'s Resp., ECF No. 31.) Therefore, Defendant argues that this Court should adopt the R&R, deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the decision of the Commissioner. (*Id.* at 8.)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were

4

reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is more than "a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (first alteration added) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

In line with this standard, having reviewed the record, Plaintiff's objection, and the Magistrate Judge's detailed R&R, this Court finds that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly reviewed and rejected by the

Magistrate Judge. Accordingly, Plaintiff's objection will be overruled.

This Court agrees that the ALJ's findings encompass Plaintiff's pain and need for a cane. This Court further agrees that the ALJ properly considered the evidence to find that Plaintiff was not disabled, even during the closed period between his surgeries. First, the ALJ expressly considered Plaintiff's four back surgeries, his use of pain medication, the prior administrative medical findings of two state agency experts (R. at 1076–78), and a February 2017 record in which Plaintiff reported "significant back pain . . . related to any period of sitting or activities." (*Id.* at 1077 (citing *id.* at 1032).) Thus, the ALJ considered all the evidence related to Plaintiff's pain including Plaintiff's allegations of pain while sitting. Second, the ALJ's RFC assessment directly acknowledged and accounted for Plaintiff's need for a cane. (*Id.* at 1077–78.) The ALJ cited that the medical record only showed that Plaintiff used a cane for ambulation and not for balance. (*Id.* at 1077.)

Finally, the ALJ referenced each of Plaintiffs' surgeries between May 12, 2015 and November 2016 and weighed them against the objective medical findings and evidence showing that Plaintiff remained capable of performing and managing his activities during the period between surgeries. (*Id.* at 1078.) Specifically, the ALJ cited to Plaintiff's follow-up treatment progress notes and pain management. (*Id.* at 1076.) In doing so, the ALJ recognized that after undergoing an L4-L5 discectomy, Plaintiff presented with "normal range of motion throughout the musculoskeletal system" and demonstrated "full bilateral upper and lower extremity strength." (*Id.*) By January 2016, Plaintiff exhibited full strength, intact reflexes and sensation, and a normal gait. (*Id.* at

1077 (citing *id.* at 1032).) Additionally, during the closed period between Plaintiff's surgeries, the ALJ considered that Plaintiff continued to do laundry, go grocery shopping, clean his room, help his daughters get ready for school, and fish. (*Id.* at 1078.) The ALJ relied on this evidence to determine that Plaintiff was not disabled even during that closed period. Therefore, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings.

For these reasons, the Court will accept and adopt the Magistrate Judge's R&R. Plaintiff's Motion for Summary Judgment and the Motion to Remand will be denied, and Defendant's Motion for Summary Judgment will be granted. The final decision of the Commissioner will be thereby affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: **August 5, 2022**
Richmond, VA

7